AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

INFORMATION ASSOCIATED WITH THE CELLULAR PHONE
NUMBER ▮▮▮▮▮▮ THAT IS STORED AT PREMISES
CONTROLLED BY APPLE, INC.

)
)
)
)
)
)
)

## 4:20-MJ-00092-DDN

Case No. 4:XX-XXX-XX-XXXX

SIGNED AND SUBMITTED TO THE COURT
FOR FILING BY RELIABLE ELECTRONIC MEANS

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     NORTHERN     District of     CALIFORNIA
*(identify the person or describe the property to be searched and give its location)*:

### SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before ▮▮▮▮▮▮▮▮ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable David D. Noce     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     ▮▮▮▮▮▮▮▮▮▮     /s/  David D. Noce
                                                                    *Judge's signature*

City and state:     St. Louis, MO     Honorable David D. Noce, U.S. Magistrate Judge
                                                              *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## 4:20-MJ-00092-DDN    Return

| Case No.: 4:20-MJ-85-DDN | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the cellular phone number ▮▮▮▮▮ ▮▮▮ (the "account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., I Infinite Loop, Cupertino, CA 95014.

1

## ATTACHMENT B

**Particular Things to be Seized**

**I.      Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized ioS devices and computers, and any devices used to access Apple services), including serial n-umbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers

1

("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI").

c. The contents of all emails associated with the account from ███████ to ███ ███ including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

d. The contents of all instant messages associated with the account ███████ to ███ ███ including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

e. The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-thirty app data, all files and other records related to iCloud Mail, iCloud photo Sharing, My photo Stream, iCloud Photo Library, iCloud Drive, iWork (including pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f. All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store

2

and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h.      All records pertaining to the types of service used;

i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

**The Provider is hereby ordered to disclose the above information to the government within 14 days of the date of this warrant.**

**II.      Information to be seized by the United States**

All information described above in Section I that constitutes evidence and/or instrumentalities of violations of Title 18, United States Code, Sections 666, 1341, 1343, and 1346 involving ▉▉▉▉▉ from ▉▉▉▉▉ to ▉▉▉▉▉ including, for each account or identifier listed on Attachment A, information pertaining to the following matters: communications between ▉▉▉▉▉ and CHS or other business owners; the receipt of anything of value in exchange for official action; communications between ▉▉▉▉▉ and public officials regarding CHS or other business owners; communications with employees of

3

St Louis County regarding CHS or other business owners; communications between  and other public officials regarding a scheme to deprive the citizens of St. Louis County, Missouri of their right to honest services; and;

    a.    The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

    b.    Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

    c.    Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information) ;

    d.    Evidence indicating the subscriber's state of mind as it relates to the crime under investigation; and

    e.    Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigative agents may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

4

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC
RECORDS PURSUANT TO FEDERAL RULES OF
EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by APPLE, INC., and my title is

_____. I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved. I state

that the records attached hereto are true duplicates of the original records in the custody of APPLE,

INC. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS**

**(pages/CDs/megabytes)]**. I further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with knowledge

of those matters, they were kept in the ordinary course of the regularly conducted business activity

of APPLE, INC., and they were made by APPLE, INC. as a regular practice; and

b.      such records were generated by APPLE, INC.'s electronic process or system that

produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of APPLE, INC. in a manner to ensure that they are true duplicates of the

original records; and

2.      the process or system is regularly verified by APPLE, INC., and at all times

pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the

Federal Rules of Evidence.

_____          _____

Date                                                          Signature

1

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

INFORMATION ASSOCIATED WITH THE CELLULAR PHONE
NUMBER ▇▇▇▇▇ THAT IS STORED AT PREMISES
CONTROLLED BY APPLE, INC.

)
)
)
)
)
)

## 4:20-MJ-00092-DDN

Case No. 4:20-MJ-85-DDN

SIGNED AND SUBMITTED TO THE COURT
FOR FILING BY RELIABLE ELECTRONIC MEANS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the ___NORTHERN___ District of ___CALIFORNIA___ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 666 | Theft or bribery concerning programs receiving Federal funds |
| 18 U.S.C. Section 1341 | Mail Fraud |
| 18 U.S.C. Section 1343 | Wire Fraud |
| 18 U.S.C. Section 1346 | Honest Services Fraud |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under the penalty of perjury that the foregoing is true and correct.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Printed name and title*

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: ▇▇▇▇▇▇▇

/s/ David D. Noce

*Judge's signature*

City and state: St. Louis, MO

David D. Noce, U.S. Magistrate Judge

*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

4:20MJ-00092-DDN

IN THE MATTER OF THE SEARCH OF )
INFORMATION ASSOCIATED WITH THE )
CELLULAR PHONE NUMBER ███ )
███ THAT IS STORED AT PREMISES )
CONTROLLED BY APPLE, INC. )

No. 4:XXXXXXXXXX

SUBMITTED AND SIGNED BY
RELIABLE ELECTRONIC MEANS

**FILED UNDER SEAL**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, █████████████ a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require Apple Inc. (hereafter "Apple"), an electronic communications service/remote computing service provider, to disclose to the United States records and other information, including the contents of communications, associated with the above-listed Apple ID that is stored at premises owned, maintained, controlled, or operated by Apple, a company headquartered at 1 Infinite Loop, Cupertino, CA. The information to be disclosed by Apple and searched by the government is described in the following paragraphs and in Attachments A and B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed since 2011. I am presently assigned to the Public Corruption squad in the St. Louis Division of the FBI. My responsibilities include the investigation of federal crimes to include violations of Title 18 United States Code (U.S.C.) Sections 666 (Theft or bribery concerning programs receiving Federal funds), 1341 (Mail Fraud), 1343 (Wire Fraud), and 1346 (Deprivation

1

of Honest Services). I am currently assigned to investigate allegations of public corruption. I received over twenty weeks of specialized law enforcement training at the FBI Academy in Quantico, Virginia. My experience obtained as a Special Agent of the FBI has included investigations of multiple violations of federal criminal public corruption laws. Based on experience, cellular telephones enable the user to quickly send text messages to other people when they are unable to take the time to make a phone call, but the sender needs to quickly convey their message.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. Section 666 (Theft or bribery concerning programs receiving Federal funds), 18 U.S.C. Sections 1341 and 1343 (Mail and Wire Fraud), and 1346 (Deprivation of Honest Services) have been committed by ███████████████ ██████████████████████████████████████████ as well as a St. Louis County, Missouri official working with him in a bribery scheme. There is also probable cause to search the location described in Attachment A for the information described in Attachment B for evidence of these crimes.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 271 l(3)(A)(i).

2

## LOCATION TO BE SEARCHED

6. The location to be searched is:

The cellular phone number ███████████ (hereinafter referred to as "the account") located at a premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., 1 Infinite Loop, Cupertino, CA 95014.

## BACKGROUND INFORMATION RELATING TO APPLE ID AND ICLOUD[1]

7. Apple is a United States company that produces the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

8. Apple provides a variety of services that can be accessed from Apple devices or, in some cases, other devices via web browsers or mobile and desktop applications ("apps"). As described in further detail below, the services include email, instant messaging, and file storage:

   a. Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com.

   b. iMessage and FaceTime allow users of Apple devices to communicate in real-time. iMessage enables users of Apple devices to exchange instant messages ("iMessages") containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct video calls.

---

[1] The information in this section is based on information published by Apple on its website, including, but not limited to, the following document and webpages: "U.S. Law Enforcement Legal Process Guidelines," available at http://images.apple.com/privacy/docs/legal-process-guidelines-us.pdf; "Create and start using an Apple ID," available at https://support.apple.com/en-us/HT203993; "iCloud," available at http://www.apple.com/icloud/; "What does iCloud back up?," available at https://support.apple.com/kb/PH12519; "iOS Security," available at https://www.apple.com/business/docs/iOS_Security_Guide.pdf, and "iCloud: How Can I Use iCloud?," available at https://support.apple.com/kb/PH26502.

c.      iCloud is a file hosting, storage, and sharing service provided by Apple. iCloud can be utilized through numerous iCloud-connected services, and can also be used to store iOS device backups and data associated with third-party apps.

d.      iCloud-corrected services allow users to create, store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device. For example, iCloud Mail enables a user to access Apple-provided email accounts on multiple Apple devices and on icloud.com. iCloud Photo Library and My Photo Stream can be used to store and manage images and videos taken from Apple devices, and iCloud Photo Sharing allows the user to share those images and videos with other Apple subscribers. iCloud Drive can be used to store presentations, spreadsheets, and other documents. iCloud Tabs and bookmarks enable iCloud to be used to synchronize bookmarks and webpages opened in the Safari web browsers on all of the user's Apple devices. iWork Apps, a suite of productivity apps (Pages, Numbers, Keynote, and Notes), enables iCloud to be used to create, store, and share documents, spreadsheets, and presentations. iCloud Keychain enables a user to keep website username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

e.      Game Center, Apple's social gaming network, allows users of Apple devices to play and share games with each other.

f.      Find My iPhone allows owners of Apple devices to remotely identify and track the location of, display a message on, and wipe the contents of those devices. Find My Friends allows owners of Apple devices to share locations.

g.      Location Services allows apps and websites to use information from cellular, Wi-Fi, Global Positioning system ("GPS") networks, and Bluetooth, to determine a user's approximate location.

4

h. App Store and iTunes Store are used to purchase and download digital content. iOS apps can be purchased and downloaded through App Store on iOS devices, or through iTunes Store on desktop and laptop computers running either Microsoft Windows or Mac OS. Additional digital content, including music, movies, and television shows, can be purchased through iTunes Store on iOS devices and on desktop and laptop computers running either Microsoft Windows or Mac OS.

9. Apple services are accessed through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services. A single Apple ID can be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

10. An Apple ID takes the form of the full email address submitted by the user to create the account; it can later be changed. Users can submit an Apple-provided email address (often ending in@icloud.com, @me.com, or@mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail). The Apple ID can be used to access most Apple services (including iCloud, iMessage, and FaceTime) only after the user accesses and responds to a "verification email" sent by Apple to that "primary" email address. Additional email addresses ("alternate," "rescue," and "notification" email addresses) can also be associated with an Apple ID by the user.

11. Apple captures information associated with the creation and use of an Apple ID. During the creation of an Apple ID, the user must provide basic personal information including the user's full name, physical address, and telephone numbers. The user may also provide means of payment for products offered by Apple. The subscriber information and password associated with an Apple ID can be changed by the user through the "My Apple ID" and "iForgot" pages on Apple's website. In addition, Apple captures the date on which the account was created, the length

5

of service, records of log-in times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to and utilize the account, the Internet Protocol address ("IP address") used to register and access the account, and other log files that reflect usage of the account.

12. Additional information is captured by Apple in connection with the use of an Apple ID to access certain services. For example, Apple maintains connection logs with IP addresses that reflect a user's sign-on activity for Apple services such as iTunes Store and App Store, iCloud, Game Center, and the My Apple ID and iForgot pages on Apple's website. Apple also maintains records reflecting a user's app purchases from App Store and iTunes Store, "call invitation logs" for FaceTime calls, "query logs" for iMessage, and "mail logs" for activity over an Apple-provided email account. Records relating to the use of the Find My iPhone service, including connection logs and requests to remotely lock or erase a device, are also maintained by Apple.

13. Apple also maintains information about the devices associated with an Apple ID. When a user activates or upgrades an ioS device, Apple captures and retains the user's IP address and identifiers such as the Integrated Circuit Card ID number ("ICCID"), which is the serial number of the device's SIM card. Similarly, the telephone number of a user's iPhone is linked to an Apple ID when the user signs in to FaceTime or iMessage. Apple also may maintain records of other device identifiers, including the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), and the serial number. In addition, information about a user's computer is captured when iTunes is used on that computer to play content associated with an Apple ID, and information about a user's web browser may be captured when used to access services through icloud.com and apple.com. Apple also retains records related to communications between users and Apple customer service, including communications regarding a particular Apple device or service, and the repair history for a device.

6

14.     Apple provides users with five gigabytes of free electronic space on iCloud, and users can purchase additional storage space. That storage space, located on servers controlled by Apple, may contain data associated with the use of iCloud-connected services, including: email (iCloud Mail); images and videos (iCloud Photo Library, My Photo Stream, and iCloud Photo Sharing); documents, spreadsheets, presentations, and other files (iWorks and iCloud Drive); and web browser settings and Wi-Fi network information (iCloud Tabs and iCloud Keychain). iCloud can also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message Service ("SMS") and Multimedia Messaging Service ("MMS") messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, Apple Watch backups, and other data. Records and data associated with third party apps may also be stored on iCloud; for example, the iOS app for WhatsApp, an instant messaging service, can be configured to regularly back up a user's instant messages on iCloud Drive. Some of this data is stored on Apple's servers in an encrypted form but can nonetheless be decrypted by Apple.

15.     In some cases, account users will communicate directly with a Apple about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Apple typically retains records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

16.     The United States is investigating allegations that ███████████████ and a yet to be fully identified ██████ St. Louis County, Missouri ███████████ official are soliciting and accepting bribe payments from a Confidential Human Source ("CHS") in exchange for the ██████████████ official taking official action by reducing the property tax bills issued to the CHS's company, without the authority and knowledge of St. Louis County. The allegations

7

disclose possible violations of 18 U.S.C. Sections 666, 1341, 1343, and 1346. In my training and experience, evidence of who was using an Apple ID, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

17.    As stated below, ▮▮▮▮▮▮ sent a text message from his Apple brand cellular telephone to the St. Louis County ▮▮▮▮▮▮ official while he was with the CHS. Stored communications and files from ▮▮▮▮▮▮ Apple account that is the subject of this affidavit are vital to this ongoing investigation. For example, the stored communications and files connected to an Apple ID may provide direct evidence of the offenses under investigation. Based on my training and experience, including with this investigation, instant messages, emails, voicemails, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

18.    In addition, the user's account activity, logs, stored electronic communications, and other data retained by Apple can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geolocation, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account.

8

Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

19.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

20.     As stated below, the investigation to date has revealed that ███████████ has sent text messages and iMessages from his Apple cellular telephone to a CHS and others related to the bribery scheme with the unknown St. Louis County ███████████ official. Other information connected to an Apple ID may lead to the discovery of additional evidence. For example, the identification of apps downloaded from App Store and iTunes Store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co- conspirators. In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

21.     Therefore, Apple's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Apple's services. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## PROBABLE CAUSE

22.     On ███████████ the FBI opened an investigation into ███████████ based on allegations he was engaging in criminal activity with a yet unknown high level St. Louis

County employee that may have occurred or may be occurring constituting a federal crime within the Eastern District of Missouri.

23.    On ▬▬▬▬▬▬ an FBI Confidential Human Source (CHS) provided information that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ offered to introduce him/her to a ▬▬▬ St. Louis County ▬▬▬▬▬▬ official who accepts cash bribes in exchange for reducing individuals' and companies' property tax bills issued by St. Louis County. ▬▬▬▬▬ explained that the aforementioned ▬▬ is a high ranking official with the St. Louis County government. ▬▬▬▬▬ also stated to the CHS that he sends all of his clients who need help with taxes to this particular ▬▬▬.

24.    The CHS met with ▬▬▬▬ on ▬▬▬▬▬▬ to discuss outstanding St. Louis County property tax bills which had been issued to CHS' companies. The CHS provided two St. Louis County property tax bills to ▬▬▬▬ for him to provide the bills to his St. Louis County ▬▬▬▬▬ contact. During that meeting, CHS was also asked by ▬▬▬▬ to provide a "flip" phone for ▬▬▬▬ to use to contact his St. Louis County contact. The CHS subsequently activated a phone from the carrier H2O with phone number ▬▬▬▬▬ in order to provide that phone to ▬▬▬▬. This meeting was recorded.

25.    On ▬▬▬▬▬ The CHS met with ▬▬▬▬ informed him of a third outstanding St. Louis County tax bill and provided ▬▬▬▬ with the H2O phone, as ▬▬▬▬ had requested. This meeting was recorded.

26.    On ▬▬▬▬▬ the FBI applied for and received a Court Order for a Pen Register and Trap and Trace (PRTT) for the phone numbers belonging to ▬▬▬▬▬ ▬▬ and ▬▬▬▬.

27.    On ▮▮▮▮▮ a federal Grand Jury issued a subpoena to AT&T, the service provider on ▮▮▮▮▮ cellular telephones, for toll records on the phone numbers ▮▮▮▮▮ and ▮▮▮▮▮ AT&T produced records in response to this Grand Jury subpoena on ▮▮▮▮▮ which records have been reviewed by your Affiant.

28.    On ▮▮▮▮▮ CHS received a call from ▮▮▮▮▮ to meet him at ▮▮▮▮▮ At ▮▮▮▮▮ informed the CHS that his contact at St. Louis County wanted $1500 by Friday, ▮▮▮▮▮ and wanted another $3500 after ▮ takes care of CHS' three outstanding tax bills totaling over $33,000. CHS agreed to bring back the $1500 by Friday. This meeting was recorded.

29.    On ▮▮▮▮▮ CHS met with ▮▮▮▮▮ at ▮▮▮▮▮ During the meeting, and as ▮▮▮▮▮ had requested, the CHS paid ▮▮▮▮▮ a $1500 cash bribe as a first payment to have the St. Louis County ▮▮▮▮▮ official fix the three outstanding tax bills which CHS had previously provided to ▮▮▮▮▮ told the CHS that it may take two weeks for his contact at St. Louis County to take care of the tax bills. ▮▮▮▮▮ told the CHS that he texted his contact at St. Louis County during their meeting and that ▮ planned to come pick up the money from him the next morning. ▮▮▮▮▮ advised that he would contact the CHS when it is time to pay the additional $3500 after the tax bills are taken care of. This meeting was recorded.

30.    Based on the review of the PRTT, ▮▮▮▮▮ phone, number ▮▮▮▮▮ was used to communicate by text message with an unknown person during the time frame of the ▮▮▮▮▮ meeting with the CHS. The information provided for the PRTT does not indicate a number for that person. Information received from the PRTT determined that the phone used by ▮▮▮▮▮ is an Apple IPhone.

11



31. Based on your affiant's review of the subpoenaed AT&T toll records for ▮▮▮ ▮▮▮ the phone number ▮▮▮ is owned by ▮▮▮ ▮▮▮ The phone being used is an Apple iPhone X. The records also indicate that during the time period ▮▮▮ through ▮▮▮ sent/received 2,715 text messages on that telephone. Using that telephone, ▮▮▮ had 5 text messages and 4 calls with the CHS's known cellular phone number during that period. The FBI assesses there are even more messages that were not identified in the PRTT based upon the Apple to Apple iMessages that do not appear on the PRTT. Based upon my training and experience, I know that text messages sent between ▮▮▮ and others were sent and received on Apple devices based upon a review of several text messages provided by the CHS. I am also aware many Apple owners utilize a cloud-based backup and storage service, which captures text messages. A preservation request was sent to Apple, Inc. for ▮▮▮ cellular phone number ▮▮▮ on ▮▮▮ which Apple, Inc. acknowledged receipt of on ▮▮▮.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

32. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Apple to disclose to the United States copies of the records and other information (including the content of communications and stored data) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

33. Based on the forgoing, I request that the Court issue the proposed search warrant. The United States will execute this warrant by serving the warrant on Apple, Inc. Because the

12

warrant will be served on Apple, Inc. which will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

34.     Pursuant to 18 U.S.C. § 2703(9), the presence of a law enforcement officer is not required for the service or execution of this warrant.

35.     I further request that the Court order that all papers in support of this application, including the affidavit and warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.   Accordingly, there is good cause to seal these documents because their premature disclose may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

I state under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Special Agent
Federal Bureau of Investigation

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 on

/s/   David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

13

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the cellular phone number ███████ ███ (the "account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at Apple Inc., I Infinite Loop, Cupertino, CA 95014.

1

**ATTACHMENT B**

**Particular Things to be Seized**

**I.    Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized ioS devices and computers, and any devices used to access Apple services), including serial n-umbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers

1

("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI").

      c.      The contents of all emails associated with the account from ████████ to ██ ██████ including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

      d.      The contents of all instant messages associated with the account ████████ to ██████ including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

      e.      The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-thirty app data, all files and other records related to iCloud Mail, iCloud photo Sharing, My photo Stream, iCloud Photo Library, iCloud Drive, iWork (including pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

      f.      All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store

2

and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

       g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

       h.      All records pertaining to the types of service used;

       i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

       j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

**The Provider is hereby ordered to disclose the above information to the government within 14 days of the date of this warrant.**

**II.     Information to be seized by the United States**

All information described above in Section I that constitutes evidence and/or instrumentalities of violations of Title 18, United States Code, Sections 666, 1341, 1343, and 1346 involving ▮▮▮▮▮▮▮ from ▮▮▮▮▮▮▮ to ▮▮▮▮▮▮▮ including, for each account or identifier listed on Attachment A, information pertaining to the following matters: communications between ▮▮▮▮▮▮▮ and CHS or other business owners; the receipt of anything of value in exchange for official action; communications between ▮▮▮▮▮▮▮ and public officials regarding CHS or other business owners; communications with employees of

3

St Louis County regarding CHS or other business owners; communications between ███ ███ and other public officials regarding a scheme to deprive the citizens of St. Louis County, Missouri of their right to honest services; and;

    a.    The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

    b.    Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

    c.    Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information) ;

    d.    Evidence indicating the subscriber's state of mind as it relates to the crime under investigation; and

    e.    Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigative agents may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

4

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by APPLE, INC., and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of APPLE, INC. The attached records consist of _____ [GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of APPLE, INC., and they were made by APPLE, INC. as a regular practice; and

b. such records were generated by APPLE, INC.'s electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of APPLE, INC. in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by APPLE, INC., and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____      _____
Date                                                        Signature

1

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| | | |
|---|---|---|
| **Return** | | |
| Case No.:<br>4:20 MJ 85 DDN | Date and time warrant executed:<br>2:35pm | Copy of warrant and inventory left with:<br>emailed to subpoenas@apple.com |
| Inventory made in the presence of : NA | | |
| Inventory of the property taken and name of any person(s) seized: | | |

An email with the Search warrant and NDO was sent to Apple via their email subpoenas@apple.com on ▮▮▮▮ at approximately 2:35 p.m.

On ▮▮▮▮▮▮ this warrant return was submitted by reliable electronic means to the undersigned U.S. Magistrate Judge who signed and issued it in the referenced case. By reliable electronic means this returned warrant is forwarded to the Clerk of Court for filing, with a copy to the officer who returned it.  /s/ David D. Noce, U.S. Magistrate Judge, E. D. Mo. ▮▮▮▮

| |
|---|
| **Certification** |

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ▮▮▮▮